OPINION
On September 2, 1997, appellee, the Stark County Department of Human Services, filed a complaint alleging Amanda Meadows born October 21, 1988, Paul Madison, Jr. born August 4, 1993, and John Paul Meadows born August 28, 1997, to be neglected children. Mother of the children is Jennifer Meadows. Alleged father of Amanda is James James. Alleged father of Paul is appellant, Paul Madison, II. An adjudicatory hearing was held on September 30, 1997. Appellant and mother stipulated the children were dependent. A dispositional hearing was held on November 21, 1997. The children were placed in appellant's custody with protective supervision to appellee. On July 31, 1998, an annual review hearing was held. At that time, it was found appellant and mother were not compliant with the case plan and appellant was being evicted. As a result, the children were placed in appellee's temporary custody. On January 26, 1999, appellee filed a motion for permanent custody. A permanent custody hearing was held on April 21, 1999. By judgment entry filed April 28, 1999, the trial court awarded permanent custody of the children to appellee. The trial court incorporated appellee's findings of fact and conclusions of law which had been filed on April 27, 1999. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 II THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 I, II
Appellant claims the trial court's decision was against the manifest weight and sufficiency of the evidence. We disagree. As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. R.C. 2151.41.4(E) sets out the factors relevant to determining permanent custody. R.C. 2151.41.4(D) sets out the factors relevant to determining the best interests of the child. R.C. 2151.41.4(B) enables a court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child. Pat Johnson, appellee's family service worker assigned to the case, testified she has been involved with the family for almost two years. T. at 13. Ms. Johnson testified a case plan was filed whereby mother was to attend Quest, Goodwill parenting classes and Renew, and was to drop urines. T. at 13-14. Mother did not complete any of these objectives. Id. Mother was to seek independent housing but currently lives with a friend. T. at 14. Ms. Johnson offered help by way of transportation, payment and other services, but mother did not attempt to meet the objectives of the case plan. T. at 14-15. Mother rarely visited with the children and did not attend the permanent custody hearing. T. at 4, 15-16. Appellant was required to attend Quest and Choices and find independent housing. T. at 16. Appellant was also required to establish paternity of Paul. T. at 9-10. Appellant did not attempt to meet any of these objectives until October of 1998 when he attended Quest. T. at 21, 34. At that time, appellant dropped urines and tested positive for cocaine and marijuana on a couple of occasions. T. at 16-17. Two weeks after enrolling in Quest, appellant was arrested for possession of cocaine. T. at 7-8, 34. In lieu of jail, appellant was ordered to attend the Chance program. T. at 35. At the time of the permanent custody hearing, appellant was living at Quest due to an admitted alcohol and drug addiction. T. at 6-7. Pam Popovich, appellee's foster care support specialist, testified appellant has not established paternity for Paul. T. at 28. The paternity packet was sent to appellant in December of 1997. Id. During the dispositional hearing, Ms. Johnson testified she personally developed the case plan for the family and it was one of reunification. November 21, 1997 T. at 5. We note appellee has been involved with this family since September of 1997 and the permanent custody hearing was held on April 21, 1999. Mother and appellant have been unable to meet any of the objectives of the case plan within that time period. Ms. Johnson testified Amanda is normal developmentally and physically. T. at 45-46. Paul is developmentally delayed and suffers from a speech disability and an eye disease. T. at 46-47. Ms. Johnson testified the children were adoptable and in fact maternal relatives were willing to adopt the children. T. at 49-50. Based upon the parents' failure to meet any of the objectives set forth in the case plan over a period of a year and a half, we find there was clear and convincing evidence to support the trial court's decision to grant permanent custody of the children to appellee. Assignments of Error I and II are denied.
The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby affirmed.
FARMER, P.J. and WISE, J. CONCUR.